UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS
EFFINGHAM DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br><br>DUSTIN ANDREW DILLERY, and<br>ANGEL NICHOLE DILLERY<br>      Debtor.<br>_____<br><br>BARRY TRUMP<br>      Plaintiff.<br>  vs.<br><br>DUSTIN ANDREW DILLERY<br>      Defendant.<br>_____ | CHAPTER   13<br>CASE NO:   22-60097-lkg<br><br><br><br><br><br><br>ADVERSARY PROCEEDING<br>CASE NO: |

**COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT**

COMES NOW, Plaintiff, Barry Trump ("Trump"), through counsel, James R. Wiesneth, Jr., of Wiesneth Law Offices, P.C., and files this complaint against Debtor/Defendant, Dustin Andrew Dillery ("Dillery"), pursuant to Fed R. Bankr P. 7001(6), and in support thereof respectfully represents to the Court as follows:

**JURISDICTION & VENUE**

1. The United States District Court for the Southern District of Illinois has jurisdiction over this proceeding pursuant to 28 U.S.C. §157 and §1334.

2. The claims set forth in this Complaint constitute "core proceedings" as defined by 28 U.S.C. §157(b). However, in the event this case is determined to be a non-core proceeding, the Plaintiff consents to the jurisdiction of this Court and to the entry of a final judgment by the Judge of the United States Bankruptcy Court, Southern District of Illinois.

3. The Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

4. This district is the proper venue for this proceeding pursuant to 28 U.S.C. §1409(a).

5. This Complaint initiates an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001(6).

6. That the deadline to file a complaint to challenge dischargeability of certain debts in this matter is *September 12, 2022*.

## INTRODUCTION and PARTIES

7. On June 17, 2022 ("Petition Date"), the individuals, Dustin Andrew Dillery and Angel Nichole Dillery ("Debtors") filed for relief pursuant to the provisions of Chapter 13 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Illinois. According to the debtors' bankruptcy petition, their current address is *600 E Main Street, Robinson, IL 62454*.

8. Barry Trump ("Plaintiff") is a creditor of the debtors, who is an individual and resides at *2341 Wallace Avenue, Columbus, Indiana 47201*, which address constitutes either the Plaintiff's dwelling house or usual place of abode or the place which the Plaintiff regularly conducts a business or profession.

## FACTUAL ALLEGATIONS

9. On or about July 14, 2010, Trump contracted with Dillery to perform certain home improvements upon Trump's residence in Hymera, Sullivan County, Indiana (the "Property") which consisted of removing and replacing shingles on the roof of his house with 30-year blue metal, removing siding and replacing with blue 4" vinyl siding, and building a 12' x 23' deck. The original contract price for labor and materials was $18,500.00, with the sum of $9,250.00 deposit prior to work commencing. A copy of the Contract is attached hereto, as Exhibit A, and has made a part hereof, by this reference.

10. That on July 14, 2021, Trump made a Fifty Percent (50%) down payment in the sum of $9,250.00, pursuant to the said contract.

11. That as the project got started, Dillery informed Trump that he needed additional funds to purchase the necessary materials to complete the job.

12. That Trump believed Dillery and made three (3) additional payments that totaled $6,800.00, which made the total amount Trump paid to Dillery of $16,050.00.

13. That as of August 2010, Dillery refused to finish the job, and had left Trump's home in complete disarray.

14. That Trump had made several attempts to contact Dillery, but he refused to return his calls.
15. That, in essence, Dillery took Trump's money and then completely abandoned the job that he agreed and was paid to do.
16. That Trump had to expend several thousands of dollars to complete the work that needed to be done and/or remedy some of the work that was performed by Dillery.
17. On May 25, 2011, Trump filed a Complaint against Dillery in Sullivan Circuit Court, as Cause No. 77C01-1105-CC-000148 (the "Complaint"). A copy of the Complaint is attached hereto, as Exhibit B, and has made a part of hereof, by this reference.
18. That on or about July 25, 2012, Trump and Dillery entered into an Agreed Judgment Entry, whereas Dillery agreed to being in breach of contract in the matter, along with agreeing to a judgment in the amount of $19,250.00, plus court cost, all be entered against Dillery, with a statutory interest at a rate of 8% per annum. A copy of the Agreed Judgment Entry is attached hereto, as Exhibit C, and has made a part hereof, by this reference.
19. That as of the date of debtors' bankruptcy filing (June 17, 2022) Trump believes that Dillery owes him, based on the Agreed Judgment Entry, the amount of $36,154.92. A Proof of Claim was filed with this Court on August 21, 2022 and a copy is attached hereto, as Exhibit D, and has made a part hereof, by this reference.
20. Trump relied upon the representations by Dillery when he entered into the contract with Dillery, and if Trump had known the actual facts and Dillery's actual intention, he would not have entered into the contract with Dillery.
21. Although Dillery abandoned the job when it was incomplete, he did not refund to Trump any of the money he had paid to him.
22. As a further direct and proximate result of the fraudulent inducement/misrepresentation by Dillery, Trump has incurred injuries and damages.

23. Pursuant to 11 U.S.C. §523(a)(2)(A), a discharge under Chapter 13 does not discharge Dillery from any debt for money, property, or services, obtained by false pretenses, false representation, or actual fraud.
24. Pursuant to 11 U.S.C. §523(a)(6), a discharge under Chapter 13 does not discharge Dillery from any debt for willful and malicious injury to Trump or Trump's property.
25. The conduct described above constitutes false pretenses, false representations, or actual fraud, and further constitutes willful and malicious injury done by Dillery to Trump or his property, entitling Trump to a judgment of nondischargeability of Dillery's debt towards him pursuant to §523(a)(2)(A) and/or §523(a)(6).
26. For the above-stated reasons, the debt owed to Trump, which is pending in Sullivan Circuit Court, as Cause No. 77C01-1105-CC-000148, should be adjudicated as a nondischargeable debt in this Court.

WHEREFORE, Plaintiff, Barry Trump, respectfully request this Court to assume jurisdiction of this case, allow the filing of this Complaint, order that the indebtedness owed to him by the Debtor/Defendant, Dustin Andrew Dillery, be determined as a nondischargeable debt pursuant to 11 U.S.C. §523(a)(2)(A), and/or (6), for his cost herein, and for such other just and proper relief as this Court deems necessary.

Respectfully Submitted,

Date: September 9, 2022

/s/ James R. Wiesneth Jr.
James R. Wiesneth, Jr. (24048-84)
Attorney for Plaintiff/Creditor

**WIESNETH LAW OFFICES, P.C.**
Post Office Box 3148
Terre Haute, Indiana 47803
Phone: (812) 234-4300
Fax: (812) 234-4303
Email: jrw@wiesnethlaw.com